UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GEORGE CALVIN PAYNE III,

        Petitioner,                                      Case No. 2:09-CV-253

v.                                                         HON. GORDON J. QUIST

CATHERINE BAUMAN,

        Respondent.
_____/

**MEMORANDUM OPINION AND ORDER**
**ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a habeas case filed pursuant to 28 U.S.C. § 2254. Petitioner has filed a motion requesting that the Court hold his petition in stay and abeyance so that he may properly exhaust additional claims in the state courts, which would allow him to return to federal court perfected as to those claims as well as the six claims he has already raised in the present petition. On November 2, 2010, Magistrate Judge Timothy P. Greeley, issued a Report and Recommendation, recommending that the Court deny the motion. Having reviewed *de novo* the Report and Recommendation and Petitioner's Objections thereto, the Court will adopt the Report and Recommendation and deny Petitioner's motion to stay.

Following a jury trial, Petitioner was convicted of two counts of armed robbery, in violation of M.C.L. § 750.529, and sentenced to 450 months to 50 years' imprisonment. The conviction was affirmed on direct appeal, and Petitioner's request for leave to appeal to the Michigan Supreme Court was denied November 25, 2008 in a standard order. On November 25, 2009, Petitioner timely filed this habeas petition, raising the following six claims:

> I. Petitioner's due process rights were violated in that there was insufficient credible evidence to prove that he committed the crimes charged.
>
> II. The State courts denied Petitioner a fair trial and violated his due process rights by: (1) failing to suppress evidence obtained in violation of Petitioner's constitutional and statutory rights to be free from unreasonable searches and seizures; (2) committing various errors in admitting evidence; (3) taking no independent actions regarding the prosecutor's errors; and (4) denying Petitioner's motion to correct invalid sentence/re-sentencing.
>
> III. The prosecutor's actions denied Petitioner a fair trial and his due process rights under the Michigan and Federal constitutions in that (1) the prosecutor failed to disclose evidence affecting the credibility of co-defendant/witness, Roy Floyd; (2) the prosecutor deliberately brought out irrelevant and highly prejudicial information; (3) the prosecutor assumed facts not in evidence; and (4) cumulative error resulted based upon all of the foregoing.
>
> IV. Petitioner's due process rights were violated in that his sentence was based upon inaccurate information, i.e., improper scoring of the legislatively imposed sentencing guidelines and use of an inaccurate burden of proof and insufficient facts.
>
> V. Petitioner's guidelines were incorrectly scored, resulting in a substantially higher sentence, which denied him due process of law.
>
> VI. Petitioner received ineffective assistance of counsel due to counsel's failure to raise all of the objections named in this Petition.

(Pet. Mot. Ex. A). All six claims were also raised in Petitioner's direct appeal. *See People v. Payne*, unpublished per curiam opinion of the Michigan Court of Appeals, issued July 31, 2008 (docket no. 273233).

On August 6, 2010, Petitioner filed the present motion requesting that the Court hold the habeas petition in stay and abeyance so that he may properly exhaust the following additional claims as well:

> I. Petitioner's Sixth and Fourteenth Amendment rights were violated when appellate counsel rendered ineffective assistance of counsel during the direct appeal.
>
> II. Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when the trial judge refused to allow defense counsel the right to confront, impeach, and cross-examine the key prosecution witness, Roy Floyd, with regard to his bias, as

2

well as Detective James Millan, regarding the charges for which Floyd was on probation.

III. Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when Petitioner was charged with multiple armed robbery charges which stemmed from only one incident, which amounted to double jeopardy.

IV. Petitioner's Fifth and Fourteenth Amendment rights were violated by various instances of egregious prosecutorial misconduct.

V. Petitioner's Sixth and Fourteenth Amendment rights were violated in that trial counsel rendered ineffective assistance during both critical pre-trial stages and the trial proceedings.

VI. Petitioner's Fifth, Sixth, and Fourteenth Amendment rights were violated when the jury overheard and/or had improper conversations with the transporting officer, Deputy Phillips, regarding Petitioner's alleged escape attempt, thereby, polluting the jurors' minds. And the "Remmer Hearing" which was held was not a full and fair hearing.

VII. Petitioner's Fourth and Fourteenth Amendment rights were violated when Defendant was denied an evidentiary hearing regarding the illegal search and seizure.

(Pet. Mot. Ex. A at 3-4.)

In light of the total exhaustion requirement imposed on § 2254 habeas petitioners and the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner seeks a stay and abeyance so that he may exhaust the additional claims and return to federal court still within the limitations period. The Supreme Court has affirmed that federal district courts have discretion to stay habeas petitions that raise unexhausted claims, but only in very "limited circumstances." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S. Ct. 1528, 1535 (2005). "Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings" and "undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition." *Id.* at 277, 125 S. Ct. at 1534. Therefore,

stay and abeyance is proper only when the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278, 125 S. Ct. at 1535; *Wiedbrauk v. Lavigne*, 174 F. App'x 993, 999 (6th Cir. 2006).

The Report and Recommendation suggests that "petitioner is required to file a timely affidavit" establishing all three of the aforementioned factors and that "Petitioner has not presented such an affidavit." (Report and Recommendation, at 1.) The Court can find no such requirement in the *Rhines* decision itself nor in any other case law. The Report and Recommendation also concludes that Petitioner has established neither "good cause" nor that the additional claims have merit or would not be dismissed in the state courts for failure to present them on direct review. As to the "good cause" requirement, Petitioner objects, arguing that he failed to exhaust the unexhausted claims because appellate counsel was ineffective and because collateral review is the first opportunity to raise claims of ineffective assistance of appellate counsel. Although ineffective assistance of appellate counsel can satisfy the "good cause" requirement under certain circumstances, *see e.g.*, *Warren v. Ludwig*, No. 2:09-cv-13568, 2010 WL 4791427, at * 3 (E.D. Mich. Nov. 17, 2010), the Court need not reach the good cause issue because it finds that Petitioner has failed to show that the unexhausted claims are potentially meritorious. *See Bennefield v. Kirkpatrick*, No. 06-CV-6104, 2008 WL 623209, at *4 (W.D.N.Y. Mar. 4, 2008) ("Under the circumstances presented here, where Bennefield has failed to show that any of his claims potentially have merit, the Court need not even consider the "good cause" factor.").

Petitioner makes absolutely no attempt to develop any of the unexhausted claims or to provide them with any factual support or legal authority. Rather, the motion simply lists the seven claims and asserts that Petitioner reserves the right to raise claims above and beyond the seven

4

listed. Petitioner's objections are similarly devoid of any development of the claims. Under these circumstances, the Court cannot say that Petitioner has shown that any of the unexhausted claims are "potentially meritorious." *Rhines*, 544 U.S. at 278, 125 S. Ct. at 1528; *see also Bennefield*, 2008 WL 623209, at *2 (finding that because the petitioner had "not provided facts or legal authority to support the merits" of his claim, he had not satisfied his burden of establishing that the "unexhausted habeas claim is not 'plainly meritless'"); *Felder v. Hickman*, No. 05cv2225-L(CAB), 2007 WL 2265146, at *2 (S.D. Cal. Aug. 6, 2007) (same). Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation, issued November 2, 2010, (docket no. 30) is **ADOPTED**. Petitioner's Motion Requesting that the Court Hold his Previously Filed Petition for Writ of Habeas Corpus in Stay and Abeyance (docket no. 12) is **DENIED**.

Dated: January 19, 2011 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE